UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent, ) | |
| ) | |
| v. ) | Nos. 2:12 -CR-85; 2:13-CR-13 |
| ) | |
| ) | |
| AUSTIN TANNER WOOD, ) | |
|     Petitioner. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Docs. 185, 189, and Doc. 23 in case 2:13-CR-13]. Defendant requests a reduction in sentence pursuant 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence, suggests that little or no reduction is warranted, but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Docs. 187, 192].

The defendant was convicted of participating in a conspiracy to distribute and possess with intent to distribute a quantity of oxycodone ("drug conviction"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). The defendant was also convicted of receipt of a firearm by a person under indictment for a crime punishable by imprisonment for a term exceeding one year ("firearm conviction"), in violation of 18 U.S.C. § 922(n). In the drug conviction, the defendant was held accountable for a marijuana equivalent of 201 to 381.90 kilograms of marijuana, resulting in a base offense level of 26. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 23. Because the firearm conviction offense level was much lower than that of the drug

1

conviction, it did not factor into the drug offense calculation at the time of sentencing, nor is it a factor in this motion. The defendant's criminal history category was IV. At the time of his sentencing, the defendant's advisory guideline range was 70 to 87 months for the drug conviction. The defendant was sentenced to a term of 84 months' imprisonment, a term near the top of the guideline range, for his drug conviction. The defendant was also sentenced to a term of 60 months' imprisonment for the firearm conviction, to run concurrently to the drug conviction sentence, or a net effective sentence of 84 months.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that

a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Pursuant to Amendment 782, an equivalent quantity of 201 to 381.90 kilograms of marijuana yields a base offense level of 24, with a three-level reduction for acceptance of responsibility, for a total offense level of 21. When combined with the defendant's criminal history category of IV, the defendant's amended guideline range is 57 months to 71 months' imprisonment. Because the amended guideline range is below the original guideline range, the defendant is eligible for a sentence reduction. The defendant requests a sentence reduction to 57 months, the bottom of the amended guideline range. The Court concludes that no reduction is appropriate in this case and the motions for reduction of sentence will be DENIED for the reasons stated below.

An important factor in the Court's determination is the defendant's post-sentencing conduct. The Court has received and read letters from the defendant, his mother, and his father.

[Docs. 193, 190, 191]. All state that the defendant has learned from his mistakes, which were a product of his youth and carelessness, and that he has become a law-abiding citizen. However, the defendant's Bureau of Prisons ("BOP") disciplinary record indicates otherwise. The defendant has been sanctioned at least five times while in the custody of the BOP. Some of these sanctions were for very serious violations of the prison regulations. The defendant assaulted another inmate, possessed a dangerous weapon, swallowed unknown items during a search, gave or accepted money without authorization, possessed tobacco, and admitted to using Suboxone and morphine while in custody. The defendant's continued history of significant disciplinary infractions and his disregard for pretrial release conditions prior to his conviction indicate a high risk of recidivism and disregard for prison regulations. Especially concerning is the defendant's continued drug use while in BOP custody considering that he was sentenced for participating in a drug conspiracy. Consideration of the 18 U.S.C. § 3553(a) factors leads to the conclusion that no reduction is appropriate in the case. The motions, [Docs. 185, 189, and Doc. 23 in case 2:13-CR-13], are DENIED.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

4

Case 2:13-cr-00013-JRG   Document 29   Filed 11/04/16   Page 4 of 4   PageID #: 98